IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:98-CR-00326 |
| v. | (Chief Judge Brann) |
| FREDERICK DEBERRY, | |
| Defendant. | |

MEMORANDUM OPINION

JULY 3, 2023

I.  **BACKGROUND**

In 1999 the late Honorable James F. McClure, Jr., sentenced Frederick DeBerry to a term of 30 months' imprisonment following his conviction, pursuant to a written plea agreement, to being a prisoner in possession of a weapon, in violation of 18 U.S.C. § 1791(d)(1)(B).[1] At sentencing, Judge McClure determined that DeBerry had a criminal history IV and an offense level of 11, resulting in a Sentencing Guidelines range of 18 to 24 months' imprisonment.[2] However, Judge McClure departed upward pursuant to *U.S. Sentencing Guidelines Manual* §§ 5K2.2 and 5K2.6 because the offense level underrepresented the seriousness of DeBerry's conduct, which involved the use of a homemade knife to stab another inmate.[3]

---

[1] Docs. 7, 21, 28-1.
[2] Doc. 28-1 at 7.
[3] *Id.* at 8.

DeBerry did not appeal his conviction or sentence, nor did he later file a 28 U.S.C. § 2255 motion. Rather, DeBerry's first post-sentencing filing in this case occurred in January 2023, when he filed a petition for a writ of error coram nobis, which is currently pending before the Court.[4] In his petition, DeBerry asserts that his sentence has been rendered illegal in light of the Supreme Court of the United States' opinion in *Alleyne v. United States*, 570 U.S. 99 (2013), wherein the Supreme Court concluded that any fact that increases a mandatory minimum sentence is an element of a crime that must be determined by a jury.[5] DeBerry contends that coram nobis relief is warranted because his sentence has expired, he could not have appealed his sentence at the time it was imposed because *Alleyne* had not been decided, the sentencing error was fundamental, and he continues to suffer adverse consequences as a result of the purportedly unlawful sentence.[6]

The Government responds that DeBerry's petition should be denied because: it is unclear if he is suffering adverse consequences as a result of the sentence; he has offered no valid reasons for failing to previously challenge the sentence; he has not shown that he had no available remedy at the time of his sentencing; and any alleged error is not fundamental.[7] DeBerry has filed a reply brief, and the motion is

---

[4] Doc. 28.
[5] *Id.*
[6] *Id.*
[7] Doc. 34.

now ripe for disposition.[8] For the following reasons, DeBerry's petition will be denied.

## II. DISCUSSION

The United States Court of Appeals for the Third Circuit has noted that a writ of coram nobis is "limited to 'extraordinary' cases presenting circumstances compelling its use to achieve justice."[9] "The standard for obtaining *coram nobis* is more stringent than that applicable on direct appeal or in habeas corpus in recognition of judicial interests in finality and efficiency."[10] As a result, "'it is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate.'"[11] To warrant coram nobis relief, a petitioner must meet five requirements: "the petitioner (1) is no longer in custody; (2) suffers continuing consequences from the purportedly invalid conviction; (3) provides sound reasons for failing to seek relief earlier; (4) had no available remedy at the time of trial; and (5) asserted error(s) of a fundamental kind."[12]

As to the third element, "a petitioner is not required to challenge his conviction at the earliest opportunity; the writ only requires a petitioner to have sound reasons for not doing so."[13] "Yet the more time that elapses between a party's conviction and

---

[8] Doc. 35.
[9] *Ragbir v. United States*, 950 F.3d 54, 62 (3d Cir. 2020) (quoting *United States v. Denedo*, 556 U.S. 904, 910-11 (2009)).
[10] *Id.* (brackets omitted and internal quotation marks omitted).
[11] *Id.* (quoting *Carlisle v. United States*, 517 U.S. 416, 429 (1996)).
[12] *Id.*
[13] *Id.* at 63 (brackets and internal quotation marks omitted).

his petition for coram nobis, the less likely it becomes that sound reasons exist," and the Third Circuit has "previously found delays of less than five years untimely."[14] The Third Circuit has emphasized that it "does not apply a timeliness standard for coram nobis that is forgiving of delay and dilatoriness."[15] "Given the nature of coram nobis, [courts] must adapt the principle of timeliness to the facts before [it]."[16]

With respect to the fifth element, that "prerequisite is two-pronged: there must be an error, and the error must be fundamental."[17] A "fundamental error, within the context of coram nobis, is unique. The term fundamental refers to defects which inherently result in a complete miscarriage of justice."[18] "Errors that can be remedied through a new trial do not usually fall within the writ. Instead, the defects must completely undermine the jurisdiction of the court, rendering the trial itself invalid. Coram nobis is therefore generally inappropriate when an alternative remedy is available."[19]

Even assuming that DeBerry has met his burden of proof as to the first, second, and fourth requirements for coram nobis relief, he has not satisfied the third and fifth requirements. First, DeBerry has not provided sound reasons for failing to seek relief earlier. Even if DeBerry could not have raised the basis of his claim prior

---

[14] *Id.*
[15] *Id.* at 64.
[16] *Id.* at 63.
[17] *Id.*
[18] *Id.* (brackets and internal quotation marks omitted).
[19] *Id.* (internal citations omitted).

4

to the Supreme Court issuing its decision in *Alleyne*, that opinion issued in June of 2013, nearly ten years prior to DeBerry filing his petition here. The Third Circuit has rejected petitions that have been filed four and six years after the grounds for that petition became clear to the petitioner.[20] While the issuance of *Alleyne* may provide sound reasons for DeBerry failing to file a petition prior to 2013, DeBerry gives no basis whatsoever to conclude that there were sounds reasons for the nearly ten-year delay in filing his coram nobis petition after the issuance of *Alleyne*.

Moreover, DeBerry cannot establish that the departure sentence meted out by Judge McClure was in error, let alone that the sentence constituted a fundamental error. DeBerry argues that *Alleyne* altered the sentencing landscape, rendering his above-Guidelines sentence illegal, because Judge McClure, and not a jury, reached factual findings regarding the use of a weapon to depart upward.[21] DeBerry is mistaken.

In *Alleyne*, the Supreme Court held that any fact that increases a mandatory minimum sentence is an element of a crime that must be determined by a jury.[22] The court was careful to note, however, that this did "not mean that any fact that influences judicial discretion must be found by a jury."[23] In reaching that

---

[20] *See id.* at 66 (holding that petitioner failed to meet his burden of proof when there was a delay of six years and he "provide[d] no sound reason for his delay"); *Mendoza v. United States*, 690 F.3d 157, 159-60 (3d Cir. 2012) (delay of four years doomed petition when there was no sound reason for that delay).
[21] Docs. 28, 35.
[22] 570 U.S. at 108.
[23] *Id.* at 116.

determination, the Supreme Court differentiated between "[e]stablishing what punishment is available by law and setting a specific punishment within the bounds that the law has prescribed."²⁴ Therefore, the Supreme Court noted, its decision in *Alleyne* was "wholly consistent with the broad discretion of judges to select a sentence within the range authorized by law."²⁵ *Alleyne* did not render it "impermissible for judges to exercise discretion—taking into consideration various factors relating both to offense and offender—in imposing a judgment *within the range* prescribed by statute."²⁶

Following the Supreme Court's decision in *Alleyne*, the Third Circuit has emphasized "that factual findings made for purposes of applying the Guidelines, which influence the sentencing judge's discretion in imposing an advisory Guidelines sentence and do not result in imposition of a mandatory minimum sentence, do not violate the rule in *Alleyne*."²⁷ Therefore any "findings, made for purposes of determining [a defendant's] applicable Guidelines ranges, [are] permissible under *Alleyne*, so long as the ultimate sentence imposed [is] within the statutorily prescribed range."²⁸

---

²⁴ *Id.* at 117.
²⁵ *Id.*
²⁶ *Id.* at 116.
²⁷ *United States v. Freeman*, 763 F.3d 322, 335 (3d Cir. 2014).
²⁸ *Id.* at 336.

Here, DeBerry pled guilty to violating 18 U.S.C. § 1791(d)(1)(B),[29] which carried no mandatory minimum sentence, and a maximum sentence of five years' imprisonment.[30] The sentence imposed—30 months' imprisonment—was well within the statutorily prescribed range of incarceration and therefore did not run afoul of *Alleyne*.[31] Accordingly, DeBerry has not pointed to a sentencing error, let alone a fundamental error, that would justify the issuance of a writ of coram nobis.

### III. CONCLUSION

DeBerry has failed to demonstrate that there are sound reasons why he failed to seek relief earlier, or that any fundamental error occurred in his sentencing. Consequently, DeBerry's petition for a writ of error coram nobis will be denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[29] Doc. 28-1 at 2.
[30] 18 U.S.C. § 1791(b)(3) (1996).
[31] *Freeman*, 763 F.3d at 335-36.